IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

PATRICK C. SMITH                                                                                          PLAINTIFF
ADC #148562

v.                                            2:21-cv-00090-KGB-JJV

DEXTER PAYNE, Director, ADC; *et al.*                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.    Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Patrick C. Smith is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC").   In July 2021, he and nineteen other inmates attempted to file a joint, *pro se* Complaint alleging Defendants violated their constitutional rights as protected by 42 U.S.C. § 1983.   (Doc. 1.)   Pursuant to Court policy, the Clerk severed the

Complaint into twenty separate lawsuits with the above number being assigned to Mr. Smith's ("Plaintiff's") case.  After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

## II.   DISCUSSION

The group Complaint signed by all nineteen plaintiffs says that:   (1) from January 2019 to June 2021, unspecified prisoners in restrictive housing at the EARU Max Unit received inadequate nutrition and were not let out of their single man cells for at least one hour a day; (2) from 2017 until 2021, unnamed prisoners in the EARU Max Unit died as a result of receiving inadequate medical care for unspecified conditions; (3) unspecified prisoners at the EARU Max Unit were denied due process during the prison grievance process and retaliated against for filing grievances and lawsuits; (4) "[t]housands of Arkansas inmates" at all ADC units were forced to participate in the "SATP" and "TC" programs where their privacy rights were violated, and they were forced to "snitch" on each other; (5) the ADC and several private companies violated the Arkansas Deceptive and Unfair Trade Practices Act, denied prisoners due process of law, and violated the equal protection clause by making false claims about electronics sold in the commissary, charging prisoners excessive fees for making telephone calls, and requiring prisoners to lease electronic tablets; (6) spending limits at the EARU Max Unit commissary violated unspecified prisoners' due process and equal protection rights; (7) prisoners in all ADC Units received inadequate medical care for Hepatitis C; and (8) from January 2019 to 2021, Defendant

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Mental Health Supervisor Barnett denied mental health care to unspecified inmates at the EARU Max Unit.  (*Id.*)

Federal Rule of Civil Procedure 20(a)(2) says multiple defendants may be joined in one lawsuit only if the claims against them arise out of the same occurrence and involve common questions of law and fact.  The various claims raised in the Complaint against fifty-two Defendants at different ADC Units are factually and legally unrelated, and thus, not properly joined in one action.  *See also* Fed. R. Civ. P. 21 (providing that a court may sua sponte "add or drop" an improperly joined party or claim); *Bailey v. Doe*; No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and requiring him to pay three separate filing fees).

Even if Plaintiff chose only properly joined claims, the Complaint does not contain a plausible claim for relief. As previously stated, the Complaint speaks in generalities about unspecified prisoners who allegedly had their constitutional rights violated.[2]  As "a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties."  *Hodak v. City of St. Peters,* 535 F.3d 899, 904 (8th Cir. 2008). And, to have standing to bring a claim in federal court a plaintiff must show he suffered "an injury in fact traceable to the defendant's conduct."  *Mitchell v. Dakota Cty. Social Servs.*, 959 F.3d 887, 896 (8th Cir. 2020).  For these reasons, Plaintiff cannot bring claims on behalf of other

---

[2] The Complaint is labeled a "Class Action."  But, *pro se* litigants are not authorized to bring class actions.  *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994).   And, even with the benefit of counsel, a class action would not be an appropriate vehicle for pursuing the wide range of diverse allegations raised in the Complaint.  *See* Fed. R. Civ. P. 23 and Local Rule 23.1 (requiring a motion to be filed to grant class status and establishing the stringent criteria for granting that motion).

inmates; he can only proceed with constitutional violations he personally endured. The Complaint does not clarify the constitutional violations Plaintiff personally experienced, how long he experienced them, or how he was personally injured. Thus, he has not pled a plausible § 1983 claim.

The Complaint is flawed for another reason. There is no vicarious liability in § 1983 actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). This means a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. With the exception of Defendant Barnett, the Complaint does not explain how the other fifty-one Defendants violated the Constitution through their own individual actions. Thus, no plausible claims have been pled against them.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him thirty days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to do so. (Doc. 4.) The time to file an Amended Complaint has expired. Thus, the Complaint should be dismissed without prejudice for failing to state a claim upon which relief may be granted.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 30th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."